STATE of Missouri, Respondent,

v.

Daniel SPENCER, Appellant.

No. 38514.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 22, 1977.

Motion for Rehearing and/or Transfer
Denied Jan. 18, 1978.

Application to Transfer Denied
March 13, 1978.

Goldstein, Tessler, Brown & Geigerman, Michael S. Geigerman, Clayton, for appellant.

Paul Robert Otto, Chief Counsel, Crim. Div., Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

The only issue in this armed-robbery case concerns the state's rebuttal evidence of a prior inconsistent statement made by a defense witness to police.

Defendant does not challenge the sufficiency of the state's evidence. It was that defendant Daniel Spencer, acting with Augustus Tabor, robbed five employees of Busch's Grove Restaurant. Defendant did not testify, but his witness Tabor testified that he, not defendant, committed the robbery. On cross examination, Tabor was asked about having made a prior inconsistent statement to police accusing defendant and exonerating himself. Defendant contends and the state denies that witness Tabor then *admitted* he had made the prior inconsistent statement.

The state and defendant are in agreement on the pertinent principles of law. Both cite *State v. Covington*, 432 S.W.2d 267[1] (Mo.1968), a robbery case where a defense witness testified that he and not defendant was the robber. On cross exami-

nation the *Covington* witness *denied* that when arrested he had told police that he did not, but that defendant did commit the robbery. In rebuttal, two officers testified over defense objection that when arrested the defense witness had told police, contrary to his trial testimony, that it was defendant who committed the robbery, and that he, the witness, did not.

Here, the state emphasizes that part of *Covington* upholding the admission of such rebuttal testimony: "Prior inconsistent statements of a witness are admissible for impeachment as affecting his credibility." Defendant agrees, but relies on the *Covington* qualification that "If the witness *admits unequivocally* that he has made an inconsistent or contradictory statement, evidence thereof is generally held unnecessary and *inadmissible.*" (Our emphasis.)

■ This brings us to the critical point—whether on cross examination defense witness Tabor did, or did not, unequivocally admit he had made the prior inconsistent statement attributed to him. If he did so admit, the matter was closed and rebuttal testimony was unnecessary and inadmissible. Conversely, if Tabor did not admit having made the prior inconsistent statement, then the statement could properly be admitted in rebuttal to impeach him.

■ Defendant contends that on cross examination Tabor admitted having made the prior inconsistent statement denying his own participation and incriminating defendant. Tabor testified on cross examination:

"Q:  And do you remember answering, 'I don't know anything about Busch's Grove'?

A:  Yes, sir, I remember saying that."

By this answer Tabor admitted having made that part of the inconsistent statement concerning his own non-participation in the robbery. Later, however, Tabor denied that part of his inconsistent statement about defendant Spencer's participation:

"Q:  Did you give them the statement that you believed Daniel Spencer

was involved in this robbery and that Daniel Spencer showed you money from the robbery?

A:  No, sir."

Since the record refutes defendant's contention that Tabor unequivocally admitted having made the prior inconsistent statement, the door was not closed, and the trial court properly admitted Officer Carson's rebuttal testimony:

"A:  Mr. Tabor related to Detective Sergeant Weber and to myself that he personally had not been involved in the holdup at Busch's Grove; however, he did indicate to us that Mr. Spencer and Mr. Greenwood had been involved in the armed robbery."

This was proper impeachment, and we deny defendant's primary point.

■ In a related point relied on defendant contends Tabor's prior inconsistent statement was admissible only for the purpose of impeaching him, and could not be considered by the jury as substantive evidence of defendant's guilt. True, but defendant's point is that the trial court erred in failing to so instruct the jury. MAI–CR 3.52 would have been proper for that purpose but it need be given only when requested. Here, there was no such request, and hence no error. *State v. Lamaster*, 534 S.W.2d 574[3, 4] (Mo.App.1976).

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.