Daniel SPENCER, Movant-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 42395.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 28, 1981.

Frank J. Kaveney and Douglas M. Brooks, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SNYDER, Judge.

Movant has appealed from the trial court's judgment denying his Rule 27.26 motion after evidentiary hearing. He was convicted of five counts of robbery first degree with a dangerous and deadly weapon, § 560.120, RSMo 1969 and § 560.135, RSMo Supp. 1975, and sentenced to fifteen years on each count, the sentences to run concurrently. The judgment was affirmed on direct appeal in *State v. Spencer*, 561 S.W.2d 379 (Mo.App.1977).

Movant contends: (1) trial counsel was ineffective in failing to investigate the legality of movant's arrest and in failing to file a motion to suppress identification testimony and (2) the trial court lacked jurisdiction to sentence movant pursuant to the Second Offender Act, § 556.280, RSMo 1969. The claims of error are denied and the judgment is affirmed.

Movant was initially arrested as a suspect in a robbery which took place in the City of St. Louis. The city robbery is not at issue here. His arrest was based upon information supplied by a confidential informant. Two lineup proceedings were held in which witnesses to St. Louis County robberies identified movant as a participant in the county robberies. It is movant's conviction of the county robberies that is challenged by his post-conviction motion.

■ Appellate review of judgments on Rule 27.26 motions is limited to a determination of whether the trial court's judgment was clearly erroneous. *Pickens v. State*, 549 S.W.2d 910, 912[1] (Mo.App. 1977); *Lahmann v. State*, 509 S.W.2d 791, 794[1–5] (Mo.App.1974); Rule 27.26(j).

Movant's first point relied on is that trial counsel was ineffective because he failed: (1) to investigate the legality of movant's arrest; and (2) to file a motion to suppress identification testimony. The point is not well taken.

Movant charges he was denied effective assistance of counsel because his trial counsel failed to challenge the reliability of the informant who supplied information leading to movant's arrest, implying that the informant was not reliable and that if counsel had discovered this he could have proved the arrest was illegal.

■ The only evidence concerning the reliability of the informant was from a former St. Louis police officer who testified that the informant had given police reliable information in three or four previous drug cases. There was no evidence of unreliability. Therefore, movant did not demonstrate, as he must, that counsel's conduct or dereliction so prejudiced movant as to have deprived him of a fair trial. *Hindman v. State*, 597 S.W.2d 264, 271[13–15] (Mo.App. 1980), *citing Fritz v. State*, 524 S.W.2d 197, 199[1] (Mo.App.1975).

The movant then reasons from the alleged illegality of the arrest to an attack on the lineup proceedings. Trial counsel did not file a motion to suppress the identification testimony. Again, however, movant does not specify any improprieties which occurred at the lineup proceedings, only that the lineups took place after an allegedly invalid arrest.

■ The fact that lineup proceedings are held after an invalid arrest and upon unlawful detention would not necessarily render the resulting pretrial identification evidence inadmissible as the "poison fruit" of the illegal arrest. *State v. Lynch*, 528 S.W.2d 454, 458–460[7–9] (Mo.App.1975). Even assuming the illegality of movant's arrest, the identification evidence resulting from lineup proceedings would be admissible because the pretrial identification is not causally connected with the arrest, but with the robbery itself, and because the identification testimony emanated from a source independent of the arrest, that is, the recollections and observations of the witnesses at the time of the robbery. *State v. Lynch, supra*.

Movant offered no evidence to prove his arrest was in fact illegal, and he has not demonstrated that either an investigation of his arrest or a motion to suppress identification testimony would have been successful. Counsel cannot be held ineffective for omitting to do that which would be futile. *Ross v. State*, 601 S.W.2d 672, 675[10, 11] (Mo.App.1980).[1]

■ Appellate review of movant's charges of trial counsel's ineffectiveness is governed by the standard enunciated in *Seales v. State*, 580 S.W.2d 733, 736[3] (Mo. banc 1979). In order to prevail upon a claim of ineffective assistance of counsel, movant must show his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that movant was prejudiced thereby. *Seales v. State, supra.* Movant has proved neither incompetency nor prejudice.

Movant charges in his second point relied on that he was improperly sentenced by the trial court pursuant to the Second Offender Act, § 556.280, RSMo 1969, following the jury verdict finding him guilty of robbery. Movant contends the Second Offender Act was improperly invoked because trial counsel's stipulation that movant "spent time" in a medium security institution was insufficient to prove movant's prior conviction and sentence so as to confer sentencing jurisdiction upon the trial court. § 556.280, RSMo 1969. Movant's second point is also ruled against him.

■ Although movant's criminal trial record was before the trial court hearing movant's post-conviction motion, movant has not filed his criminal trial record upon appeal. Movant has the burden of providing a record under Rule 81.12 containing all the record, proceedings, and evidence necessary to the determination of all questions presented upon appeal from the denial of

movant's Rule 27.26 motion. "Upon movant's failure to fulfill the requirements of Rule 81.12, the appellate court will not entertain movant's unsupported contentions." *Speakman v. State*, 602 S.W.2d 471, 473[2–4] (Mo.App.1980). It is impossible, based upon the record in its present state, to determine whether the trial court's finding, that movant failed to prove either that his prior conviction did not exist or that the state had not sufficiently proved the conviction, was erroneous.

■ The trial court also correctly found that the issue whether defense counsel's stipulation that movant had served a sentence was sufficient to invoke the Second Offender Act, § 556.280, RSMo 1969, was a question of trial error which could not be properly raised in a Rule 27.26 proceeding. *Turnbough v. State*, 533 S.W.2d 609, 613[4] (Mo.App.1975).

Movant's reliance upon *Wraggs v. State*, 549 S.W.2d 881 (Mo. banc 1977) is misplaced. In *Wraggs*, the post-conviction proceeding challenged the validity of a sentence imposed under § 556.280, RSMo 1969, which was based in part on a prior sentence which was later vacated and set aside in separate post-conviction proceedings. Movant in the case sub judice has never proved or even asserted that the prior conviction upon which his sentence was based does not exist or has been overturned.

The judgment is affirmed.

CRIST, P.J., and REINHARD, J., concur.

---

1. In *Ross v. State*, 601 S.W.2d 672 (Mo.App. 1980), a post-conviction movant alleged trial counsel was ineffective in not moving to suppress the in-court identification of movant by two witnesses because a pretrial show-up proceeding was impermissibly suggestive. The court held the witnesses had a prior, independent source upon which the witnesses' in-court identification was based. "Therefore, it was not necessary, via motion or otherwise, to examine the details of the pretrial identification procedure and counsel could not be held ineffective for omitting to do a futile thing." *Ross v. State, supra* at 675[10, 11].