Carroll Leroy RAINWATER,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13596.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 4, 1984.

Peter Sterling, Public Defender, Donald L. Catlett, Asst. Public Defender, Rolla, for movant-appellant.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant filed a motion under Rule 27.26, seeking to vacate a conviction for second degree murder. See 602 S.W.2d 233. Following an evidentiary hearing the trial court made extensive findings of fact and conclusions of law and entered judgment denying the motion. Movant appeals.

Movant contends that the trial court erred because he received ineffective assistance of counsel in the criminal proceeding because his attorney failed to pursue possible defenses, failed to inform him of lesser-included offenses, waived the presentence investigation without his consent and failed to pursue a defense of insanity or diminished capacity. He also claims that the trial court erred in denying his motion as he was denied his right to a speedy trial of the murder charge because the offense occurred on October 5, 1977, he was arraigned on the charge on February 6, 1978, and tried on November 28, 1978.*

Movant had the burden of establishing his grounds for relief by a preponderance

---

* Movant's brief says that the trial started on November 28, 1978, as the criminal trial transcript initially states. Twice later in the transcript and in the judgment, November 20, 1978 is shown as the date of trial.

of the evidence. Rule 27.26(f). Our review is limited to determining whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j).

 To sustain a claim of ineffective assistance of counsel movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). See also *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979); *Owens v. State,* 610 S.W.2d 706, 707 (Mo.App.1981).

Movant was the only witness at the hearing on his motion. His testimony and the transcript of the criminal case does not establish that counsel was ineffective or that any errors of counsel may have changed the outcome. In addition, the trial court was free to disbelieve movant even if his testimony was uncontradicted. *Carns v. State,* 598 S.W.2d 158, 161 (Mo.App. 1980). Because of movant's interest in the outcome and the general nature of his testimony, the trial court was justified in not granting movant relief because of ineffective assistance of counsel.

Nor do we find any error regarding the trial court's findings on movant's contentions that he was denied his right to a speedy trial. Certain factors are considered in determining sixth amendment rights to a speedy trial. See *State v. Holmes,* 643 S.W.2d 282, 286 (Mo.App. 1982). Movant had the burden of furnishing this court with a transcript on appeal containing all material necessary to make a determination on the issues he raises, and where that information is not included, an appellate court cannot convict a trial court of error. *Burns v. State,* 601 S.W.2d 633, 635 (Mo.App.1980).

We have a transcript of the criminal trial which includes the information, the docket entry made at arraignment, and a motion in limine, but we have no other information on the pretrial proceedings. On the record before us we do not have sufficient information to make a determination if movant's right to a speedy trial was violated. It was his burden to furnish us with such a record and, on the record we have, we cannot say that the trial court erred.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.