**STATE of Missouri, Respondent,**

v.

**Steven MAYO, Appellant.**

**No. 47777.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 11, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Henry B. Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Carrie D. Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a jury conviction of second degree burglary, for which he was sentenced to nine years in the Department of Corrections. We affirm.

On December 18, 1982 at 2:40 a.m., two St. Louis Police Officers, responding to a burglar alarm, observed two men crawl out of a window at Reid Brothers Trucking Company. One officer pursued the men across a well-lit parking lot, where one subject climbed a fence and escaped leaving a glove entangled in the barbed wire topping the fence. The other was caught. The escapee, arrested a month later, was identified by the officer as the man who escaped. Defendant's sole point on this appeal concerns the admission into evidence of information allegedly derived by a police officer from defendant's accomplice who was arrested at the scene.

On direct examination of the police officer, the prosecutor refrained from asking questions about identification information obtained from defendant's accomplice. On cross examination, defense counsel elicited (1) the officer did not know defendant at the time of the crime, (2) the officer did not make a police report but gave information to his partner who did make one, (3) the accomplice was the only other person who could furnish information concerning the identity of the defendant for the police report, (4) the officer was aware of defendant's name when he caused the issuance of a warrant and (5) the police report was incomplete.

On redirect examination, the prosecutor referred to defense counsel's probes about information in the police report. At the bench, defense counsel objected to an attempt to elicit from the officer information provided by the accomplice. The trial court properly overruled this objection, because the question objected to did not attempt to elicit any such information. The court did state that it would not allow the admission of hearsay statements. Defense counsel made no objection thereafter to indirect references to the accomplice furnishing information to the officer allegedly furnished by the accomplice.

First, defendant failed to preserve the issue for review. *State v. Gentile*, 599 S.W.2d 780, 782 (Mo.App.1980). Second, considering the point under Rule 30.20, indirect references to information furnished by the accomplice were invited by defense counsel's cross examination, and thus any error was invited. *State v. Ray*, 647 S.W.2d 522, 524 (Mo. banc 1983). Third, any error in the admission of the informa-

tion was harmless. *State v. Hunter*, 622 S.W.2d 374, 378–79 (Mo.App.1981).

Judgment affirmed.

REINHARD, C.J., and DOWD, J., concur.