Steven **MAYO**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 53016.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 12, 1988.

Rehearing Denied Feb. 11, 1988.

Mary C. McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Steven Mayo appeals the denial of his Rule 27.26 motion for post-conviction relief after an evidentiary hearing. Appellant was convicted of second degree burglary by a jury and sentenced to nine years imprisonment. This court affirmed his conviction on direct appeal. *State v. Mayo*, 680 S.W.2d 231 (Mo.App.1984). Appellant seeks post-conviction relief claiming he was denied effective assistance of counsel in violation of the federal constitution's sixth amendment and Article I, §§ 10, 18(a) of the Missouri Constitution. We affirm the denial of post-conviction relief.

In relating the facts we quote liberally from our prior opinion on direct appeal:

> On December 18, 1982 at 2:40 a.m., two St. Louis Police Officers, responding to a burglar alarm, observed two men crawl out of a window at Reid Brothers Trucking Company. One officer pursued the men across a well-lit parking lot, where one subject climbed a fence and escaped leaving a glove entangled in the barbed wire topping the fence. The other was caught. The escapee, arrested a month later, was identified by the officer as the man who escaped....

*State v. Mayo*, 680 S.W.2d at 232.

Prior to appellant's first trial, his attorney sought to suppress the police officer's identification. After a hearing the court denied the motion to suppress. At trial, appellant's attorney objected to the introduction of the eyewitness identification. The court overruled the objection. This first trial ended in a hung jury. Appellant's second trial was before the same judge that heard the first trial. Appellant's counsel did not file a pre-trial motion to suppress the eyewitness testimony before the second trial.

> On direct examination of the police officer, the prosecutor refrained from asking questions about identification information obtained from defendant's accomplice. On cross examination, defense counsel elicited (1) the officer did not know defendant at the time of the crime, (2) the officer did not make a police report but gave information to his partner who did make one, (3) the accomplice was the only other person who could furnish information concerning the identity of the defendant for the police report, (4) the officer was aware of defendant's name when he caused the issuance of a warrant and (5) the police report was incomplete.
>
> On redirect examination, the prosecutor referred to defense counsel's probes about information in the police report. At the bench, defense counsel objected to an attempt to elicit from the officer information provided by the accomplice. The trial court properly overruled this objection, because the question objected to did not attempt to elicit any such information. The court did state that it would not allow the admission of hearsay statements. Defense counsel made no objection thereafter to indirect references to the accomplice furnishing information to the officer allegedly furnished by the accomplice.

*State v. Mayo*, 680 S.W.2d at 232.

Appellant argues his trial counsel was ineffective because 1) counsel failed to challenge identification evidence through either a pre-trial motion to suppress or by objection at trial; 2) counsel invited otherwise inadmissible hearsay concerning a co-defendant's out of court statements; and 3) counsel failed to adequately investigate the police officer's out of court identification.

■ A claim of ineffective assistance of counsel requires that 1) counsel failed to provide reasonably effective assistance; and 2) defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064[5], 80 L.Ed.2d 674, 693 (1984); *State v. Harvey*, 692 S.W.2d 290, 292[2] (Mo. banc 1985). A defendant challenging his representation at trial must

satisfy both components of the *Strickland* test.

In every analysis of an ineffectiveness claim we begin with the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066[12], 80 L.Ed.2d at 695. Appellant must specify which of counsel's acts or omissions constitute an unreasonable lack of professional skill and competence. This court will then determine "whether, in light of all the circumstances, [these] acts or omissions of counsel were outside the wide range of professionally competent assistance." 466 U.S. at 690, 104 S.Ct. at 2066[12], 80 L.Ed.2d at 695; *see also Wilson v. State,* 626 S.W.2d 243, 249[4, 5] (Mo. banc 1982). ("[T]here is a strong presumption in favor of the competence of trial counsel which may be overcome only with proof amounting to a preponderance of the evidence.")

Hindsight may allow a reviewing court to focus on counsel's tactics and discern what appears to be a clear error in judgment. But, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065[11], 80 L.Ed. 2d at 694. *See also Aikens v. State,* 549 S.W.2d 117, 121[8] (Mo.App.1977) ("[counsel] is not to be adjudged ineffective by reason of what, in retrospect, appears to be errors of judgment or trial strategy ...")

The second component of the *Strickland* test requires that counsel's performance prejudices defendant. The right to counsel is premised on the right to a fair trial. If counsel's deficient performance has no effect on the judgment then a defendant is not entitled to any relief. Defendant is entitled only to "the assistance necessary to justify reliance on the outcome of the proceeding." 466 U.S. at 692, 104 S.Ct. at 2067[15], 80 L.Ed.2d at 696. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of a proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068[19] 80 L.Ed.2d at 698. For example, a defense counsel's failure to object to illegally seized evidence which constitutes the whole of the state's case would invariably undermine confidence in a guilty verdict.

Appellant's first allegation of trial counsel's ineffectiveness relates to the failure to challenge the police officer's identification testimony. In appellant's first trial, counsel made a pre-trial motion to suppress the state's identification evidence. The motion was overruled. Counsel objected at trial to the evidence and the court overruled the motion. At the second trial, counsel apparently abandoned her objections to the state's evidence. In the Rule 27.26 hearing trial counsel testified that it would have been fruitless to pursue the motion a second time, particularly because the second trial was before the same judge.

We believe counsel's decision not to request a second pre-trial hearing or object to the police officer's testimony to be no more than the result of a reasonable (at the time) tactical decision by counsel. *See Maggard v. State,* 471 S.W.2d 161, 166[6, 7] (Mo. 1971). Counsel's failure to request a pretrial motion was not unreasonable when the judge had previously rejected the same motion. Counsel is not required to make groundless motions. *Tollison v. State,* 556 S.W.2d 455, 458[13] (Mo.App.1977).

Counsel made her decision not to object to the identification testimony with the knowledge that the same judge denied the same objection in the first trial. Counsel's decision may have been motivated by a desire not to have defendant's case appear badly to the jury by having an objection overruled. We cannot now say this tactic was unreasonable.

■ Appellant next challenges his trial counsel's effectiveness in "inviting" the police officer's damaging hearsay testimony. Appellant reads our language on direct appeal that counsel "invited" the hearsay as implying counsel's ineffectiveness. *State v. Mayo*, 680 S.W.2d at 232[2]. Any such implication is unwarranted.

Once the police officer's testimony was admitted in the second trial it became necessary to discredit it. Counsel reasonably chose to cross-examine and thereby "invited" the hearsay. Had counsel failed to cross-examine, we can rest assured appellant would be arguing today that the failure to cross-examine was unreasonably ineffective. Counsel made an unsuccessful tactical decision. We cannot now say in retrospect that her decision was unreasonable under the circumstances.

■ Furthermore, appellant has failed to demonstrate how counsel's omission had an adverse impact on his case. This is particularly true in light of this court's finding on direct appeal that "any error in the admission of the information was harmless." 680 S.W.2d at 232–3[3]. Appellant seeks to challenge the finding of harmlessness. This is something appellant may not do. "Contentions which have been ruled in a direct appeal are not to be considered again in an appeal from a denial of a Rule 27.26 motion." *Barton v. State*, 614 S.W.2d 766, 767[1] (Mo.App.1981) (court refused to reconsider whether the testimony as to defendant's unrecorded statements and a rifle were admissible as evidence); *see also Thomas v. State*, 628 S.W.2d 922, 923 (Mo. App.1982). (Rule 27.26 movant not entitled to obtain second review of trial court's refusal to allow defendant to present character witnesses).

■ Finally, appellant argues counsel's failure to adequately investigate the police officer's out of court identification constitutes ineffective assistance of counsel. Specifically, appellant complains of counsel's failure to subpoena and examine police radio call tapes of the night of the burglary.

Appellant faces a difficult task, he must show that the failure to subpoena the tapes undermines confidence in the guilty verdict. But defendant is unable to demonstrate why the tapes undermine that confidence because counsel failed to obtain the tapes. Appellant's dilemma is real, but appellant must shoulder the burden of demonstrating prejudice.

In *Spencer v. State*, 615 S.W.2d 660 (Mo. App.1981), a Rule 27.26 movant challenged the effectiveness of his trial counsel. The movant asserted counsel's failure to investigate a government informant and determine his reliability was unreasonable and prejudicial. The Rule 27.26 court rejected the claim and this court affirmed. The appellant in *Spencer* did not put forth any evidence of the informant's unreliability (in fact available evidence was to the contrary) and therefore could not show prejudice. 615 S.W.2d at 661[1]. Just as in *Spencer*, appellant has not put forth any evidence tending to show prejudice and undermine confidence in the outcome of his trial. All appellant has produced is mere speculation that the tapes would provide a viable defense.

While appellant's trial counsel may have made some tactical errors at trial, we cannot say counsel's performance was so unreasonable or prejudicial as to meet the *Strickland* test. The judgment of the Rule 27.26 court is affirmed.

KAROHL, P.J., SMITH, J., concur.