**Walter Lamont WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54120.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 27, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant, Walter L. Williams, was convicted, after a jury trial, of robbery in the first degree. He was sentenced to twenty-two years in the Missouri Department of Corrections. This court affirmed the conviction on direct appeal. *State v. Williams,* 659 S.W.2d 298 (Mo.App.1983). Williams appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

The same public defender represented Williams at two trials on the charge of first degree robbery. Williams' first trial resulted in a hung jury. The second trial resulted in the conviction we affirmed on direct appeal. Williams filed a *pro se* motion to vacate judgment and sentence under Missouri Supreme Court Rule 27.26, alleging ineffective assistance of counsel. Counsel filed an amended motion shortly thereafter. At the evidentiary hearing to vacate judgment and sentence under Rule 27.26, Williams testified he had nothing to add to his *pro se* motion or to the amended motion.

At the evidentiary hearing, trial counsel testified that she filed a motion to suppress identification at the first trial. It was overruled. She could not recall whether she renewed the motion at the second trial. She testified that she did not list denial of motion to suppress identification as a point in a motion for a new trial. Williams appeals on the ground that his trial counsel was ineffective because she failed to renew the motion to suppress identification evidence at the second trial.

To successfully demonstrate counsel provided ineffective assistance a defendant must show: (1) counsel's "representation fell below an objective standard of reasonableness," and, (2) counsel's failure to perform with customary skill and diligence prejudiced the outcome of the trial. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674, 693 (1984). There is a presumption that counsel is competent. *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979). Defendant must demonstrate that, absent the alleged unprofessional error, a reasonable probability exists that "the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698 (1984). The court must consider the totality of evidence before the judge or jury to determine whether the factual basis for the claim of ineffective assistance raises a reasonable probability that a reasonable doubt respecting guilt would have arisen. *Strickland,* 466 U.S. at 615, 104 S.Ct. at 2068–69, 80 L.Ed.2d at 698 (1984).

The scope of appellate review in a Rule 27.26 proceeding is "a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j), *Futrell v. State,* 667 S.W.2d 404, 405 (Mo. banc 1984). Only if the appellate court, after review of the entire record, is left with the "definite and firm impression that a mistake has been made," are the findings and conclusions

deemed clearly erroneous. *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App.1985). For several reasons we find no clear error. We affirm.

Williams' contention of ineffective assistance of counsel fails under the second prong of the *Strickland* test. Movant has not proven trial counsel's failure to pursue a motion to suppress identification was prejudicial or would have changed the outcome of the trial. Movant provided the court with no evidence which indicates the showup occurred in unduly suggestive circumstances. On the contrary the facts reflect the motion to suppress identification lacked merit.

The trial court's "Findings of Fact, Conclusions of Law, and Decision," uncontroverted by Williams in his 27.26 motion or this appeal, demonstrate that the victim, Father Weisher, had a full opportunity to observe and identify the robbers. Two assailants robbed Father Weisher at gunpoint. Father Weisher viewed the assailants as they robbed him and thereafter described them to St. Louis University security officers. Father Weisher identified Williams and his accomplice when the security officers returned them to the St. Louis University security office within eight to ten minutes of the time he was robbed. The record does not reflect that the security officers made any prejudicial remarks before, during or after the showup of Williams. Missouri courts have continually upheld one-on-one confrontation showups as proper procedure. *State v. Williams*, 717 S.W.2d 561, 564 (Mo.App. 1986); *State v. Dodson*, 491 S.W.2d 334, 338 (Mo. banc 1973).

Further, independent grounds existed on which to find the identification reliable. *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140, 154 (1977). *State v. Carter*, 572 S.W.2d 430, 435 (Mo. banc 1978). First, Father Weisher had time to view the assailants as they robbed him. Second, Father Weisher furnished the description to the security officers that provided the basis for Williams' arrest. Third, Father Weisher viewed Williams in the showup less than ten minutes after the

assailants robbed him. These factors helped shape a reliable identification, strong enough to withstand an attack of being unduly suggestive. Because the identification was reliable, a motion to suppress the identification lacked merit.

Moreover, Williams failed to show trial counsel did not make a motion to suppress identification at the second trial. Counsel testified she could not remember whether she made a motion to suppress the identification at the second trial. The motion may have been filed and overruled.

We find the record supports the conclusion of the hearing court and the decision of the hearing court is not "clearly erroneous." *Byrd v. State*, 723 S.W.2d 37 (Mo. App.E.D.1986).

We AFFIRM.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.