Cecil MOODY, Jr., Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15574.

Missouri Court of Appeals,
Southern District,
Division Two.

March 20, 1989.

---

Raymond A. Klemp, Caruthersville, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

This appeal is taken from the denial of a motion to set aside a conviction and sentence under former Rule 27.26, now superseded. Inasmuch as sentence was pronounced before January 1, 1988, and this proceeding was pending at that time, this appeal is governed by the law applicable to former Rule 27.26. Rule 29.15(m).

A jury found the movant (defendant) guilty of second-degree murder as defined and denounced by § 565.004, RSMo 1978. Defendant's punishment was fixed at imprisonment for a term of 30 years. On direct appeal this court affirmed the conviction and sentence. *State v. Moody,* 645 S.W.2d 152 (Mo.App.1982). On May 16, 1986, the defendant commenced this proceeding. After a hearing, the motion court denied relief. Defendant appeals. We affirm.

It is appropriate to note the scope of our review and the limitation thereon imposed by the record before us. Our review of the judgment or ruling in a proceeding under Rule 27.26 is limited to a determination whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j), now superseded. Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); *Williams v. State,* 760 S.W.2d 518, 519–20 (Mo.App.1988). Our review has been further limited by the defendant's failure to file a transcript of the trial proceeding. On appeal from an adverse ruling on a motion made pursuant to Rule 27.26, it is the defendant's duty to file the record of his trial, if he wishes to have it considered. *Rainwater v. State,* 676 S.W.2d 310, 311[3] (Mo.App.1984); *Spencer v. State,* 615 S.W.2d 660, 662[6] (Mo.App.1981). It is within this court's discretion to order supplementation or correction of the record on appeal, but the court is under no obligation to do so. *Brand v. Brand,* 245 S.W.2d 94, 96 (Mo.1951); *Thummel v. Thummel,* 609 S.W.2d 175, 180[1] (Mo.App.1980); *Lange v. Baker,* 377 S.W.2d 5, 7[2–4] (Mo.App.1964). We shall do the best we can with the record at hand.

The facts of the case are not remarkable. Inasmuch as the operative circumstances were fully set forth in the court's opinion on direct appeal, *State v. Moody,* 645 S.W. 2d 152, they need not be recited again.

█ Two complaints of instructional error in the trial of the case were advanced in this proceeding. Generally, claims of instructional error are not cognizable in proceedings under Rule 27.26. *Brager v. State,* 625 S.W.2d 892, 895 (Mo.App.1981); *Jackson v. State,* 558 S.W.2d 816, 818 (Mo. App.1977). In any event, the record of the trial is not before us and we cannot determine what instructions were given.

█ The defendant also contends counsel was ineffective in failing to object to the instructional error and in failing to conduct a "prompt" investigation. Inasmuch as we cannot address the question of instructional error, we consider the claim of ineffective assistance of counsel to the extent possible upon the record presented. A criminal defendant who, in a proceeding under Rule 27.26, asserts he was denied effective assistance of counsel must show

both that his trial counsel did not exercise customary skill and diligence and that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d at 857. To demonstrate prejudice, counsel must establish a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2058, 80 L.Ed. 2d 674 (1984). There is a presumption that counsel is competent. *Sanders v. State*, 738 S.W.2d at 857.

At the postconviction hearing, defendant's trial counsel testified that prior to trial he took photographs of the scene, interviewed the defendant, interviewed several witnesses, examined the Prosecuting Attorney's file and examined the weapon used in the homicide. The defendant also contends that a "surprise" witness, Russell Darnell, could have been more effectively impeached if trial counsel had viewed the scene of the killing. Trial counsel testified that he "took pictures at the scene [of the crime] at Braggadocio." The motion court ruled that trial counsel had not been ineffective and an examination of such record as we have creates no definite or firm impression that a mistake has been made. Accordingly, the judgment is affirmed.

FLANIGAN, P.J., and MAUS and PREWITT, JJ., concur.