Sammie Lee CASEY, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15672.

Missouri Court of Appeals, Southern District, Division Two.

May 1, 1989.

David E. Woods, Regional Public Defender, Poplar Bluff, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

Appellant Sammie Lee Casey (defendant) was convicted of first-degree assault in violation of § 565.050, RSMo 1978. The cause was tried to the court without the aid of a jury and the defendant was sentenced to imprisonment for a term of 15 years to be served consecutively to a previously imposed sentence. On direct appeal, the defendant's conviction was affirmed. *State v. Casey*, 683 S.W.2d 282 (Mo.App.1984). Thereafter the defendant sought postconviction relief under former Rule 27.26, now superseded. Relief has been denied and the defendant appeals. Inasmuch as sentence was pronounced before January 1, 1988, and this proceeding was pending at that time, the appeal is governed by the law applicable to former Rule 27.26. Rule 29.15(m).

On March 4, 1985, the defendant filed a pro se motion for postconviction relief. In the pro se motion, the defendant alleged he had been denied due process because: 1) the prosecutor "suppressed" or "destroyed" ballistic evidence, and 2) he had been subjected to a warrantless arrest. An amended motion was filed by counsel on February 26, 1987. The amended motion incorporated the pro se motion by reference, and averred that the defendant was denied the effective assistance of counsel because: 1) the defendant was required to draft, file and argue pro se motions; 2) trial counsel failed to object to the reception of evidence of an uncharged crime involving the theft of stereo equipment, and 3) trial counsel failed to assert, on appeal, that the defendant's arrest was illegal. It was further repetitively alleged in the amended motion that: 1) the defendant's arrest was illegal, and 2) the defendant was denied access to and the use of certain exculpatory ballistic evidence. At the hearing upon the motion, the court permitted the defendant, without objection from the State, to expand his motion so as to contend he had been denied the testimony of an alibi witness.

The trial court—which we shall call the motion court—heard evidence on February 16, 1988, and found: 1) that the defendant had not been denied effective assistance of counsel, and 2) no other evidence was offered during the hearing raising any issue properly reviewable on a motion for relief under former Rule 27.26. Defendant has briefed two assignments of error in this court.

In his first point, the defendant contends that the motion court's findings of fact were insufficient in form and substance for several reasons. Rule 27.26(i) required findings of fact and conclusions of law on all issues presented in a postconviction proceeding, but that requirement was satisfied if the findings and conclusions sufficiently covered all points raised by the movant so as to permit meaningful appellate review. *Bannister v. State*, 726 S.W. 2d 821, 825 (Mo.App.1987), cert. denied, —— U.S. ——, 107 S.Ct. 3242, 97 L.Ed.2d 747 (1987). Further, in a proceeding under former Rule 27.26, even if the motion court's basis for denying relief was incorrect, we affirmed the judgment if it was sustainable on other grounds. *State v. Kimes*, 415 S.W.2d 814, 815 (Mo.1967); *Bannister v. State*, 726 S.W.2d at 825. The findings of fact and conclusions of law made in this case are sufficient to permit meaningful appellate review and the defendant's first point is without merit.

In his second point, the defendant argues that he was denied the effective assistance of counsel because: 1) his trial attorney did

not file a written motion for a continuance; 2) his trial attorney failed to interview Ronald Bess and the appellant was prejudiced thereby because: a) the trial court did not grant a continuance and the trial court's decision was affirmed on appeal even though the appellant testified he needed a continuance to obtain a ballistics test of the fragments of a bullet taken from the body of his victim, and b) trial counsel did not obtain and the defendant was denied the testimony of Ronald Bess as an alibi witness at the trial.

■ At this point, it is appropriate to note the scope of our review. Our review of the trial court's judgment in a proceeding under former Rule 27.26 was limited to a determination whether the findings, conclusions and judgment of the trial court were clearly erroneous. Rule 27.26(j), now superseded. The findings and conclusions were deemed clearly erroneous only if, after a review of the entire record, the appellate court was left with a definite and firm impression that a mistake had been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Williams v. State*, 760 S.W.2d 518, 519–20 (Mo.App.1988). Our review has further been limited by the defendant's failure to file a transcript of the trial proceeding. On appeal from an adverse ruling on a motion made pursuant to former Rule 27.26, it was the defendant's duty to file the record of his trial, if he wished to have that considered. *Rainwater v. State*, 676 S.W.2d 310, 311[3] (Mo.App.1984); *Spencer v. State*, 615 S.W.2d 660, 662[6] (Mo.App. 1981). It was within this court's discretion to order supplementation or correction of the record on appeal, but the court was under no obligation to do so. *Brand v. Brand*, 245 S.W.2d 94, 96 (Mo.1951); *Thummel v. Thummel*, 609 S.W.2d 175, 180[1] (Mo.App.1980); *Lange v. Baker*, 377 S.W.2d 5, 7[2–4] (Mo.App.1964). Two other general principles are to be borne in mind. First, when an issue was raised and decided on direct appeal, the defendant could not obtain another review thereof in a proceeding under former Rule 27.26, even if the

defendant had a different theory to suggest. *Gailes v. State*, 454 S.W.2d 561, 563 (Mo.1970); *Medley v. State*, 639 S.W.2d 401, 404 (Mo.App.1982). Second, the allegations contained in a 27.26 motion were not self-proving, and the movant had the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Rumble v. State*, 741 S.W.2d 283, 285 (Mo. App.1987); *Thomas v. State*, 665 S.W.2d 621, 623 (Mo.App.1983).

■ The defendant's argument concerning the existence of ballistic evidence of which he was deprived was presented on direct appeal as a contention that the trial court erred in not granting him a continuance because its failure to do so deprived him of the results of a ballistics test, which would have shown that the defendant's pistol was not the one used to commit the offense with which the defendant was charged. *State v. Casey*, 683 S.W.2d at 285. This court held that trial counsel's failure to request a continuance in writing together with an affidavit showing good cause as required by Rule 24.09 was a sufficient ground for denying the motion for a continuance. The court noted, however, that the assumption that such a ballistics test would have tended to exculpate the defendant was wholly speculative and without foundation in fact. The defendant now asserts the same error as ineffective assistance of counsel, but his assertion that the ballistics report—which had been ordered by the court but had not been received at trial time—would have tended to exculpate him is still an assertion without proof. The defendant had an obligation, in this case, to show that he was prejudiced because of his trial counsel's performance. *Sanders v. State*, 738 S.W.2d at 857. The defendant's argument that he was denied due process by being denied access to favorable ballistics evidence is, for the several reasons we have elaborated, without merit.

■ The defendant also asserts that counsel was ineffective in failing to inter-

view and subpoena one Ronald Bess as an alibi witness. Careful reading of the record made in the motion court convinces us the trial court could have found or inferred that the defendant did not know where Mr. Bess was or could be located for an interview or that Mr. Bess was amenable to subpoena at the time of trial. For that matter, the motion court was free to believe or disbelieve the defendant's evidence at the hearing on the motion, whether the evidence was contradicted or undisputed. *Sanders v. State,* 738 S.W.2d at 857.

As noted in the course of our opinion, the defendant alleged a good many grounds for relief which have not been brought forward on appeal. This is a civil appeal and we consider only such allegations of error as have been briefed. Rule 84.13(a). The judgment is affirmed.

PREWITT, Acting P.J., and MAUS, J., concur.