**John REED, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32373.**

Missouri Court of Appeals,
Western District.

Dec. 22, 1981.

---

James L. McMullin, McMullin, Wilson & Schwarz, Kansas City, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

NUGENT, Judge.

John Reed appeals from a partial denial of his motion for post-conviction relief under Missouri Supreme Court Rule 27.26. On November 14, 1978, Reed pleaded guilty to three counts of first degree robbery and two counts of armed criminal action. The court sentenced Reed to eighteen years on each count, the sentences to run concurrently.

On January 21, 1980, Reed filed a motion to vacate judgment and sentence pursuant to Rule 27.26. After several delays, including a change of judge, a change of counsel and two hearing postponements, the court heard Reed's motion on November 13, 1980.

During the hearing, the court assured Reed that it would vacate the armed criminal action convictions. Thereafter, Reed declined to present any evidence to support his claims that he received ineffective assistance of counsel and that he involuntarily entered his guilty pleas. Reed's attorney repeatedly advised his client that unless he offered evidence to prove his allegations, the court, in counsel's opinion, probably would deny Reed's motion. Nevertheless, Reed refused to introduce supporting evidence, preferring to rest his motion solely on his petition.

The court sustained that portion of Reed's motion pertaining to the armed criminal action convictions, but denied Reed relief on his claims that his counsel was ineffective and that his guilty pleas were involuntary, entering findings of fact and conclusions of law.

Reed had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f); *Sumpter v. State*, 601 S.W.2d 630, 631 (Mo.App. 1980); *Carns v. State*, 598 S.W.2d 158, 159 (Mo.App.1980); *Foster v. State*, 593 S.W.2d 636, 638 (Mo.App.1980). He failed to meet this burden. In a Rule 27.26 proceeding, the allegations of the motion do not prove themselves. *Sampson v. State*, 570 S.W.2d 337, 339 (Mo.App.1978); *Pickens v. State*, 549 S.W.2d 910, 913–14 (Mo.App.1977). Reed's failure to introduce any evidence to support his motion precluded relief.

Our review is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Branstuder v. State*, 609 S.W.2d 460, 463 (Mo.App.1980); *Sumpter v. State, supra*, at 631–32; *Jones v. State*, 598 S.W.2d 595, 596 (Mo.App.1980). We hold that the trial court committed no error.

Accordingly, we affirm the judgment.

All concur.