■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GAWEDA, Appellant. — Judgment of the Supreme Court, Westchester County (McNab, J.), rendered April 7, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER GOMEZ, Appellant. — Appeal by defendant from an amended judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered April 27, 1982, finding him to be in violation of probation, upon his admission of said violation, and imposing sentence. Amended judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which could be raised on appeal. Counsel's application for leave to withdraw is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *People v Gonzalez,* 47 NY2d 606). Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KEENAN, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Moynihan, J.), rendered June 9, 1982, convicting him, upon plea of guilty, of attempted assault in the second degree, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress oral and written statements. Judgment affirmed. The case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). The People sustained their burden of proving that defendant's brother had authority to permit entry into the home which he jointly occupied with defendant, that on May 16, 1981, at approximately 7:00 A.M., he voluntarily consented to the police officers' entry into the home (*People v Cosme,* 48 NY2d 286), and that defendant presented himself to the police officers while the arresting officer was engaged in conversation with defendant's brother in the living room. Based upon the court's finding of a consensual entry, supported by the record, the warrantless entry for the purpose of arresting the defendant was not within the purview of *Payton v New York* (445 US 573). Accordingly, we need not determine if the record supports the court's alternative finding of attenuation, thus permitting the use of defendant's signed statement which conformed to *Huntley-Miranda* requirements. Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.