**Jack Edward NEWMAN,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13371.

Missouri Court of Appeals,
Southern District,
Division One.

April 20, 1984.

R.J. Gordon, Public Defender, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Jack Newman was jury-convicted of murder in the first degree in the death of Burnal Ray Brown in the perpetration of a robbery which occurred on October 16, 1978. The conviction was affirmed upon appeal. *State v. Newman*, 605 S.W.2d 781 (Mo.1980). He now appeals from the trial court's denial of his Rule 27.26[1] motion following an evidentiary hearing.

█ Newman was charged only with capital murder in respect to the killing of Brown. The criminal cause was submitted to the jury under instructions which permitted a finding of guilty of capital murder, first degree murder, second degree murder or manslaughter. *State v. Newman*, supra, 605 S.W.2d at 785. Newman's first point relied on in this court is that the court nisi erred in denying his 27.26 motion because in the criminal case he was convicted of an offense (first degree murder) for which he had not been charged.

Under § 565.003, L.1977 eff. 5–26–77, a person who unlawfully killed another "in the perpetration of or in attempt to perpetrate arson, rape, robbery, burglary, or kidnapping" was guilty of first degree murder. In § 565.006–1, L.1977 eff. 5–26–77, it was provided that at the conclusion of all

jury trials where commission of capital murder was charged, "the jury shall ... by their verdict ascertain, whether the defendant is guilty of capital murder, murder in the first degree, murder in the second degree, manslaughter, or is not guilty of any offense." *State v. Gardner*, 618 S.W.2d 40, 41[3] (Mo.1981), involved a conviction of capital murder committed August 31, 1978. *State v. Baker*, 636 S.W.2d 902, 904 (Mo. banc 1982). *Gardner* held it reversible error for the trial court to fail to instruct on first-degree murder in the commission of rape. The crime in *Gardner*, so said the court in *Baker*, supra at 904, was committed August 31, 1978, or before the effective date (January 1, 1979) of the new Criminal Code (§ 556.031–1 and 3, RSMo 1978); it was therefore not governed by the new code. "Section 556.220, RSMo 1969 (repealed), governed what was a lesser included offense of capital murder in *Gardner*. *Gardner* necessarily held that under Section 556.220 (repealed), first degree murder was a lesser included offense of capital murder because it was an 'offense inferior to that charged in the indictment.' § 556.-220. This was a correct declaration of the law which controlled the holding in *Gardner*." The crime with which Newman, movant herein, was charged and of which he was convicted occurred, as previously noted, October 16, 1978, or before the effective date of the new Criminal Code on January 1, 1979. Ergo, as in *Gardner*, it was not error for the trial court to instruct on first degree murder as being a lesser included offense of capital murder. Newman's first point relied on is denied.

In essence, Newman's second point relied on is that the trial court erred in denying his Rule 27.26 motion in that his arrest was illegal because he was arrested in his residence without a warrant and without his consent to enter the house. He asserts that evidence obtained at the time of the alleged illegal arrest was used to convict him.

---

1. Rule references are to V.A.M.R.

It was held in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), that a warrantless, non-consensual entry into a suspect's home to make a routine felony arrest is violative of the suspect's Fourth Amendment rights. This is so, the court said, even when the police have previously assembled evidence sufficient to establish probable cause that a crime has been committed and the person sought was the one who committed the crime. Following and citing *Payton* are *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 236[21] (Mo. banc 1982) and *State v. Mayes*, 654 S.W.2d 926, 935[10] (Mo.App.1983). However, the key to these cases is "nonconsensual entry" for if the entry be with permission by someone authorized to grant same there is no warrant requirement. *People v. Keenan,* 91 A.D.2d 1049, 458 N.Y.S.2d 648, 649 (1983)—entry permitted by defendant's brother who had such authority; *State v. Gregory,* 327 N.W.2d 218, 220[3] (Iowa 1982)—defendant's sister gave permission for officers to enter her home; *State v. Filiatreau,* 274 Ark. 430, 625 S.W.2d 494, 495 (1981)—defendant's mother consented to entry into her home. The arrest of movant herein occurred "in the home of [his] brother" with whom he was living at the time. When the officers arrived at the brother's home, they were greeted at the door by the brother's wife who consented to their entry into her home before movant was arrested. Predicated on those facts and the last cited authorities, Newman's second point relied on is denied.

Newman's third and final point relied on claims the trial court erred in not granting him postconviction relief because he was deprived of effective assistance of counsel in the criminal trial for three stated reasons. In the argument portion of his brief in support he makes reference to the transcript on appeal in the criminal cause. So does respondent. We do not know if movant's criminal trial record was before the trial court hearing movant's postconviction motion but we are certain that no such record has been filed with this court upon this appeal. Newman, as movant and appellant, had the burden under Rule 81.12 of providing a record containing all of the record, proceedings and evidence necessary for the determination of all questions presented on appeal from denial of his Rule 27.26 motion. Upon movant's failure to fulfill the requirements of Rule 81.12, the court of appeals will not entertain his unsupported contentions for, based upon the record in its present state, it is impossible for us to determine whether the trial court's findings were clearly erroneous. *Spencer v. State,* 615 S.W.2d 660, 662[6] (Mo.App.1981); *Speakman v. State,* 602 S.W.2d 471, 473[2–3] (Mo.App.1980); *Burns v. State,* 601 S.W.2d 633, 635[5] (Mo.App.1980). Moreover, we note that in a Rule 27.26 proceeding, the allegations of the motion do not prove themselves. *Reed v. State,* 626 S.W.2d 462, 463[2] (Mo.App. 1981). Newman, the movant herein, was the lone witness at the trial on his motion. His credibility as a witness was an issue for the trial court who was at liberty to reject his testimony even though no contrary evidence was offered [*Johnson v. State,* 615 S.W.2d 502, 505[2] (Mo.App. 1981) ], for the trial court, as trier of the facts, had leave to believe or disbelieve all, part or none of the testimony of any witness. *State v. Pedersen,* 651 S.W.2d 639, 641[2] (Mo.App.1983); *State v. Lieberknecht,* 608 S.W.2d 93, 98[3] (Mo.App.1980). Newman's third point relied on is denied.

Albeit oral argument has been requested by appellant, our foregoing efforts attest a determination that oral argument will not be beneficial. Consequently, such request is denied and the cause has been determined as if submitted on briefs. Missouri Court of Appeals—Southern District Special Rule 1(e).

Judgment affirmed.

FLANIGAN, P.J., GREENE, C.J., and CROW, J., concur.