**Rodney Eugene CARTER, Plaintiff-Appellant,**

v.

**STATE of Missouri, Defendant-Respondent.**

**No. 49650.**

Missouri Court of Appeals, Eastern District, Division One.

Aug. 27, 1985.

Motion for Rehearing and/or Transfer Denied Oct. 3, 1985.

Sarah S. Pleban, Public Defender, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Appellant appeals from the trial court's dismissal of his motion for post conviction relief. We affirm.

Appellant was convicted of two counts of receiving stolen property, class C felonies, in a jury waived trial in September of 1981. Subsequently, appellant received a sentence of concurrent five year terms of imprisonment on December 10, 1981. This court affirmed his conviction in *State v. Carter*, 652 S.W.2d 184 (Mo.App.1983). Thereafter, appellant filed a Rule 27.26 motion heard on August 20, 1984. On December 19, 1984, the trial judge dismissed appellant's motion. Appellant alleged in his motion that his trial attorney was ineffective because he did not endorse and call as a witness one Roberta Payne. Appellant appeals from the trial court's order of dismissal.

At trial, appellant's attorney attempted to call Payne to the stand to refute certain statements made by the state's witness. The court refused to allow Payne to testify in rebuttal because she had not been endorsed as a witness. The trial court held that it would not permit a late endorsement of Payne for rebuttal purposes since it was evident that the outcome of the trial would not have been materially affected even if she had testified.

The state's evidence established that appellant's attorney had met with Payne on several occasions prior to the trial. Appellant's attorney stated that he was aware that Payne was at appellant's home when police conducted a search of the residence. After speaking with Payne he decided that she had nothing to add in the way of a defense and did not endorse her. Appellant contends that his attorney never spoke with Payne. Appellant contends he received ineffective assistance of legal counsel in violation of his federal and state constitutional rights.

The question is whether defense counsel's failure to endorse Payne as a witness amounts to an unconstitutional ineffectiveness of counsel.

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), provides the standards for judging an ineffective assistance of counsel claim and in *State v. Harvey*, 692 S.W.2d 290, 291–292 (Mo. banc 1985), recently decided by the Supreme Court of Missouri, follows those standards:

The due process clauses and the sixth amendment guarantee an accused a fair trial. U.S. Const. amend VI & amend. XIV. An essential element of a fair trial is the assistance of counsel, elevated to constitutional dimension by the sixth amendment. *Strickland v. Washington*, [466 U.S. 668], 104 S.Ct. 2052 [80 L.Ed.2d 674] (1984). Courts uniformly recognize that the mere presence of an attorney in the courtroom is insufficient; the right to counsel means the right to effective assistance of counsel. *Id. Evitts v. Lucey*, [— U.S. ——] 105 S.Ct. 830 [83 L.Ed.2d 821] (1985). 'The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the

adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland,* 104 S.Ct. at 2064.

Typically a defendant who raises an ineffective assistance claim must show both that counsel failed to provide reasonably effective assistance and that his defense was thereby prejudiced. *Strickland,* 104 S.Ct. at 2067–2071; *Burton v. State,* 641 S.W.2d 95 (Mo. banc 1982).

After speaking with Payne, appellant's attorney concluded that Payne could not be helpful to his client's defense. It is reasonable that appellant's attorney chose, as a matter of trial strategy therefore, not to endorse Payne as a witness. We cannot say, based on the record before us, that defendant showed that his counsel's representation fell below the objective standard of reasonableness articulated in both *Strickland* and *Harvey.*

■ Further, appellant did not produce one iota of evidence, other than his own hearsay testimony, and we could find none, which could demonstrate that his attorney's action prejudiced the outcome of the trial.

Appellant opines that the facts of *Poole v. State,* 671 S.W.2d 787 (Mo.App.1984) should control the disposition of this case. We find the appellant's reasoning unpersuasive. *Poole* concerned a trial attorney's failure to contact or interview what appeared to be potential alibi witnesses essential to the defendant's case in chief. The record before us is very dissimilar. Evidence showed that appellant's attorney did contact Payne. He further investigated and found her to have no potential value to appellant's defense. We find that appellant's attorney was not ineffective and there was no prejudice in appellant's defense.

Accordingly, the trial court's dismissal of appellant's 27.26 motion is affirmed.

CARL R. GAERTNER and KAROHL, JJ., concur.