**STATE of Missouri, Respondent,**

v.

**Thor WEEKLY, Appellant.**

**No. 50996.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 31, 1987.

Motion for Rehearing and/or Transfer
Denied April 29, 1987.

Mary Dames Fox, Clayton, for appellant.

William L. Webster, Atty. Gen., Kurt L. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant was charged and convicted of two counts of sodomy, § 566.060 RSMo Cum.Supp. 1984 and one count of felonious restraint, § 565.120 RSMo 1978. As a prior and persistent offender he was sentenced by the court to serve consecutive sentences on each count totaling 63 years.

Defendant claims to be entitled to a new trial because: (1) identification testimony of the complaining witness was the product of suggestive pre-trial identification procedures; (2) the court admitted "expert" testimony matching rock pebbles from the crime scene to similar pebbles found on defendant's boots, but such evidence is not based on a reliable and recognized scien-tific basis; and, (3) the court refused to permit the jury to have the benefit of an admitted defendant's exhibit, constructed during cross-examination of a state's witness, during its deliberations.

This appeal does not question the sufficiency of the evidence. The complaining witness positively identified the defendant in a pre-trial lineup and at trial. She testified that on October 16, 1984, at approximately 6:45 a.m., she was walking from her home to school. Defendant forced her into a storage room under a highway viaduct. He there struck her, forced her to undress and committed one act of manual and one act of oral sodomy. The activities were interrupted by a passerby who testified, but was unable to identify defendant. The complaining witness testified that defendant was dressed in brown work clothing and the passerby testified that the assailant drove a white tow truck from the scene.

The passerby assisted the complaining witness and returned her to her home. Thereafter, the complaining witness and her mother reported the incident to the police. Between the location of the crime scene and defendant's place of employment, a school crossing guard recognized the defendant who was then wearing brown clothing and driving a white tow truck. Later the same day the complaining witness identified defendant at a lineup as the responsible party.

Defendant did not testify, but presented an alibi defense. Defendant relied on the testimony of Vincent Branigan, a co-employee. Defendant routinely furnished Branigan a ride to work and usually arrived at 6:15 a.m., but on the day in question defendant arrived at 6:55 a.m. The driving time from the defendant's home to Branigan's home is about five minutes. The scene of the crime lies between defendant's home and Branigan's home.

The description provided by the complaining witness of her assailant was broadcast on police radio. In response a crossing guard attached to the Pagedale Police Department informed Sergeant Adler of the Wellston Police Department that defendant matched the description. Sergeant Adler

telephoned defendant at defendant's place of employment and requested defendant to come to the Wellston Police Department. Defendant arrived at 10:15 a.m. and was given *Miranda* warnings. There is no evidence that the warnings were associated with an arrest.

Sergeant Adler informed Weekly that he was implicated in a reported assault. Weekly denied knowledge of the event and claimed that a co-worker would provide an alibi. The defendant was then conveyed to the St. Louis County Police Department in Clayton.

The St. Louis County investigation was conducted by Detective Reinhardt. Prior to that investigation defendant signed a waiver of *Miranda* rights and consented to a search of his home. At that time defendant was not dressed in brown work clothes. He had left work and returned home to change clothes before he received the call from Sergeant Adler. Detective Reinhardt drove defendant to his home where defendant was permitted to locate and produce the clothing he had worn to work earlier that day. Subsequently defendant surrendered his work boots to Reinhardt and was placed in the lineup at which the complaining witness made the identification.

■ Appellant's first point contends that police authorities had no probable cause for arrest; that the lineup identification and therefore the trial identification is the product of an unlawful arrest and should have been suppressed. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *State v. Thomas,* 491 S.W.2d 328 (Mo.1973).

We reject defendant's claim for two independent reasons. First, the evidence does not clearly support a finding that defendant was arrested prior to the lineup. Defendant voluntarily responded to Sergeant Adler's request to come in and discuss the matter. He denied involvement and claimed a valid alibi. He cooperated in all respects with Sergeant Adler and with Detective Reinhardt. Detective Reinhardt did testify that during the investigation and before the lineup, defendant was under arrest, but Detective Reinhardt was not asked to describe when and by whom an arrest was made. He did not testify that he had arrested the defendant. He permitted the defendant to leave his presence at the defendant's home to secure and surrender clothing. There is no evidence that defendant was not free to leave or resist the procedures either at the local police station or at the St. Louis County Police Department.

Second, there was probable cause to arrest without warrant based on the identification of the crossing guard that defendant was seen in the vicinity of the scene of the crime wearing clothing similar to that of the responsible party and driving a white tow truck furnished by his employer.

The violator was driving a white tow truck. Probable cause to arrest without warrant depends upon the particular circumstances and particular offense involved, the question being determined by factual and practical considerations of everyday life on which reasonable and prudent men act. *State v. Allen,* 684 S.W.2d 417, 420–422 (Mo.App.1984). *See also, State v. Robinson,* 484 S.W.2d 186, 189 (Mo.1972). Whether probable cause exists for an arrest is a pragmatic question to be determined on the facts of each case. *State v. Cole,* 662 S.W.2d 297, 302 (Mo.App. 1983). Sergeant Adler had information conveyed by the crossing guard which suggested defendant was a reasonable suspect. This situation was the subject matter of *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). The court there held that police are entitled to act upon communications through official channels. *Id.* 401 U.S. at 568, 91 S.Ct. at 1037. The combination of the description of the complaining witness of her assailant, the type of vehicle described by the passerby, and the identification by the crossing guard that defendant was wearing the type of clothing and operating the type of vehicle previously described constitutes probable cause for arrest, if a de facto arrest occurred prior to the lineup. In the present case there is no complaint that the lineup itself was defective or suggestive and the identification was unequivocal. The complaining witness saw her attacker before the events and conversed with the man face to face prior to the attack. Extensive

cross-examination on the identification was ineffective as to either the opportunity to observe or the quality of her observation and identification.

We also record that this issue is reviewed only as a matter of plain error and not as a matter of preserved error. Defendant's complaint in the form of a Motion to Suppress was overruled. The identification testimony at trial was admitted without objection. As a result the issue is not a matter of preserved error. *State v. Berry*, 609 S.W.2d 948, 953 (Mo. banc 1980). Although defendant's claim of error is based upon constitutional rights, for the reasons noted we find no error, plain or otherwise.

■ As a second claim of error defendant contends that the court permitted expert testimony matching rock pebbles taken from the scene of the crime with those found on the sole of defendant's boots. The general rule is that expert testimony concerning scientific tests is admissible only if the scientific principle involved is considered reliable and accurate by the concerned scientific community. *State v. Sager*, 600 S.W.2d 541, 562 (Mo.App.1980). *State v. Johnson*, 539 S.W.2d 493, 501 (Mo. App.1976), *cert. denied*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1976). However, no objection was made to the introduction of this testimony and the evidence at trial that the "pebbles" were similar. Absent a timely and specific objection at trial, nothing is preserved for appellate review. *State v. Pospeshil*, 674 S.W.2d 628, 632 (Mo.App.1984). Accordingly, our review of this claim is limited to one of plain error. Even if this evidence was not admissible we find no manifest injustice denying substantial rights. The result may be different if the comparison was the only evidence identifying defendant. The clear and positive eye-witness identification of the complaining witness was sufficient to support the conviction. We reject this claim of error.

■ Finally, defendant claims that the court erred in refusing a request of the jury to view a defendant's exhibit which was admitted into evidence. During cross-examination of Detective Reinhardt he constructed a "chart" which described the time of each activity he performed during his investigation on the day of the crime. The exhibit was admitted over objection. After retiring, the jury requested the opportunity to see the exhibit in connection with some concern that evidence tampering may have occurred. We cannot determine the nature of the concern or the logic involved. It may involve the "pebble" question, but cannot and does not involve the eye-witness identification. The rule is that the jury as a matter of right may not take exhibits into the jury room. Whether a jury may do so rests within the sound discretion of the trial court. *State v. Graham*, 641 S.W.2d 102, 108 (Mo. banc 1982). Defendant complains that the refusal to permit the exhibit to go to the jury for examination in someway constituted a judicial comment on the reliability of evidence. There can be and is no debate that a judge must maintain a position of absolute impartiality. However, defendant's reliance on *State v. Davis*, 653 S.W.2d 167, 177 (Mo. banc 1983) is misplaced. There the judicial activity was on a matter that occurred in the presence of the jury and involved a private conversation between the judge and witnesses for and against the complaining party. Defendant also relies on *State v. Tyler*, 587 S.W.2d 918, 925–26 (Mo.App.1979). In that case the complaint was that the trial judge made a comment before the jury which may have had the effect of supporting the testimony of a witness against defendant. In neither case did the court find reversible error. We do not find on the facts of this case that the refusal to permit the exhibit to go to the jury constituted an act which exhibited either a comment on the reliability of the evidence or an indication to the jury that they should convict. Further, the exhibit was nothing more than a time-line of the police investigation. It was not related to direct proof of the charged crime or the defense.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.