Thor Alonzo WEEKLY,
Plaintiff–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 54344.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 6, 1988.

Application to Transfer Denied
Nov. 15, 1988.

Michael C. Todt, Asst. Public Defender, St. Louis, for plaintiff-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

DOWD, Presiding Judge.

Movant was convicted of two counts of sodomy and one count of felonious restraint and the convictions were affirmed in *State v. Weekly*, 728 S.W.2d 664 (Mo. App.1987). Movant now appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant first claims that the motion court erred by not making specific findings of fact and conclusions of law on two ineffective assistance of counsel issues: (1) failure to object to inadmissible testimony and (2) failure to investigate certain witnesses to a "suggestive" lineup. After making specific findings and conclusions on other issues, the motion court held "that movant has failed to plead or demonstrate that the matters complained of resulted in prejudice to him." The court concluded that movant had failed to show that the result of the trial would have been altered if counsel had acted differently and held that counsel was effective, rendering "the care and skill of a reasonably competent lawyer."

While Rule 27.26(i) does require specific findings of fact and conclusions of law on all issues, broad findings do not necessitate remand if they are adequate to allow appellate review of the motion court's decision. *Sprouse v. State*, 752 S.W.2d 386, 387 (Mo. App.1988). The findings and conclusions in this case were clear enough for us to render a decision on the two issues movant raises in this appeal, thus we decline to remand for more specific findings and conclusions.

■ Movant's second point on appeal claims that the motion court erred in finding trial counsel effective despite her failure to object to certain evidence. According to the briefs, a police forensic scientist testified at trial that he visually compared pebbles found at the crime scene with those found in the treads of movant's boots. The officer admitted that he had no training in this area and conducted no scientific tests on the pebbles. Movant's First Amended Motion claimed that his trial attorney was ineffective for failing "to object to footprint matches made by a non-expert during the trial."

Even assuming the motion referred to the pebble comparison, movant is not entitled to relief on this issue because he has failed to meet his burden under Rule 81.12. Movant was required to provide this court with all the evidence necessary to review the issues on appeal. Rule 81.12(a). Since the "footprint" issue is not mentioned in the hearing transcript, we assume that any evidence on this claim was entered via the trial transcript. Because movant has failed to provide us with a trial transcript, we cannot determine if the motion judge's decision was clearly erroneous and we must dismiss this point. *Spencer v. State*, 615 S.W.2d 660, 662 (Mo.App.1981). We also note that, given the absence of any mention of the footprint issue on the record, it appears that movant failed to introduce evidence and thus was not entitled to relief. *Reed v. State*, 626 S.W.2d 462, 463 (Mo. App.1981).

■ Movant finally claims that the motion court erred in not finding that trial counsel was ineffective for failing to investigate and present certain witnesses concerning a possibly tainted lineup identification. During the lineup in which the victim first identified movant, he claims to have overheard the officer in charge tell victim to "take a good look at number two," the movant. Movant feels counsel should have interviewed the other participants in the lineup and used them as witnesses at trial.

At the evidentiary hearing, movant was the only witness to testify that such a statement was made. The other members of the lineup did not testify nor is there any indication that movant presented any statements from these people. Trial counsel, however, testified that the attorney originally appointed to movant's case did interview these men and that her investigation did not reveal them to be potentially favorable witnesses. Counsel personally spoke to the two officers present during the lineup and to the victim, but again was unable to obtain any support for movant's story. Had she been able to locate a witness who would testify that he heard the statement, trial counsel would have put him on the stand.

To prove a claim of ineffective assistance of counsel, movant must show both that trial counsel rendered a deficient performance and that movant was prejudiced thereby. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). An attorney cannot be faulted if he refuses to call a witness after determining that person will not be helpful, even if the attorney did not contact the witness personally; such decisions are a matter of trial strategy. *Porter v. State*, 682 S.W.2d 16, 18 (Mo.App.1984). Furthermore, when such an allegation is made, defendant's hearsay testimony alone is not sufficient to demonstrate prejudice. *Carter v. State*, 698 S.W.2d 589, 591 (Mo.App. 1985).

The record indicates that trial counsel made a reasonable investigation of the issue and that her decision not to call the witnesses was a matter of trial strategy. Additionally, movant failed to present sufficient evidence of prejudice. He did not produce the other members of the lineup or any evidence indicating they heard an im-

proper remark and would be available to testify to the fact. There is no reason to suspect that additional investigation on trial counsel's part would have disclosed favorable testimony or aided movant's case. Thus, movant failed to prove either element of ineffective assistance and the motion court's decision was not clearly erroneous. Rule 27.26(j). The case movant cites to support his argument, *Perkins–Bey v. State*, 735 S.W.2d 170 (Mo.App.1987), is inapposite in that Perkins–Bey's counsel neither made an investigation of nor reviewed someone else's report on a possible alibi witness.

We affirm the trial court's decision.

SIMON, J., and SIMEONE, Senior Judge, concur.