**Chester CORNMAN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 16116.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 29, 1989.

Motion for Rehearing or Transfer
Denied Oct. 23, 1989.

**18**

John A. Klosterman, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Chester Cornman appeals from the trial court's denial, after evidentiary hearing, of his Rule 29.15[1] motion to set aside a conviction, based on a jury verdict, of conspiracy to commit murder and assault in the first degree. Movant's punishment was assessed at 10 years for the conspiracy and 30 years for the assault, with the terms to run consecutively. On direct appeal the conviction was affirmed. *State v. Cornman*, 695 S.W.2d 443 (Mo. banc 1985).

Movant's first point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because movant was denied effective assistance of counsel at the jury trial. Specifically movant asserts that his trial counsel, Peter Sterling, was ineffective by failing to interview or call as witnesses at the trial "several alibi witnesses of whom movant had made attorney Sterling aware, including Debbie Ebbinger and Cathy Cain, in that [Debbie and Cathy] testified at the evidentiary hearing, without refutation by the state, that attorney Sterling had not interviewed them and that had they been called to testify they would have testified that movant had been in their presence at the time of the shooting of Davis Haas and therefore could not have been present at the shooting."

In the trial court movant had the burden of proving his grounds for relief by a preponderance of the evidence. Rule 29.15(h). Appellate review of the trial court's denial of the motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j).

"In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland [v. State ]*, 466 U.S. [668] at 687, 104 S.Ct. [2052] at 2064 [80 L.Ed.2d 674 (1984)]; *Seales [v. State ]*, 580 S.W.2d [733] at 736 [Mo.1979]. A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069 (emphasis added)."

*Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

At the hearing on the motion the movant's attorney, who is not the attorney representing movant on this appeal, asked the trial court to take judicial notice of the transcript of the jury trial, and the trial court agreed to do so. That transcript, however, has not been filed in this court, nor does movant's brief direct this court's attention to any portion of it.

In *State v. Cornman*, supra, the supreme court pointed out that movant was charged with conspiracy to commit murder by agreeing with others to kill one Sims.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Movant was also charged with assault for the shooting of one Haas, a neighbor of Sims. The state's theory, said the supreme court, was that movant, accompanied by a fellow conspirator Jesse James Morgan, shot Haas, mistaking him for Sims. "Haas was shot October 28, 1981, near his home in rural Phelps County." *Cornman*, at 445. The shooting occurred on "that fateful morning." *Id.* The opinion contains no more specific information with regard to the time of the shooting. The opinion does state that the shooting took place near the intersection of Highway 72 and County Road 163.

At the hearing on the motion, movant testified that Debbie Ebbinger and Cathy Cain are his sisters. According to the testimony of Cathy Cain at the motion hearing, the three of them and other people were staying at her house which was "off V Highway in St. James." St. James is in Phelps County.

At the motion hearing Debbie Ebbinger testified that she was at Cathy Cain's house between 6:30 a.m. and 7:00 a.m. on October 28, 1981, and movant was there at that time. Debbie also testified that she never gave that information to anyone and that she had not been interviewed by defense attorney Sterling. She said she did not testify at the jury trial, nor was she subpoenaed to do so.

Debbie also gave the following testimony:

"Q. Mrs. Ebbinger, did you happen to be present with Jesse James Morgan and your brother, Chuck Cornman, after the shooting?

A. Yes, sir.

Q. And were you in a car with them, I believe, going to Arkansas or something?

A. Yes, sir.

Q. Did you hear any statement made by Chuck to James Morgan?

A. The only thing that was ever said about the whole thing, after we left Rolla, was one of the girls had made a comment about money and Chuck had said—do you want me to state this just straight out?

Q. Yes, we're all mature enough to take it, I think.

A. Chuck had said that Jesse would have money if he hadn't of * * *ed up and shot the wrong guy."

Debbie said that if she had been contacted by Sterling she would have told him of that conversation and would have related its contents at the jury trial.

Cathy Cain testified that movant was at her house at 6:45 a.m. on October 28, 1981, that she was not interviewed by Sterling, and that she did not testify at the jury trial. There was testimony that movant's girl friend also knew that movant was at Cathy Cain's house at 6:45 a.m. on October 28, 1981.

Movant testified that prior to the jury trial he told attorney Sterling that Debbie Ebbinger and Cathy Cain would testify that movant was at Cathy's house between 6:30 a.m. and 7:00 a.m. on October 28, 1981.

In its order denying the motion, the trial court said:

"Here, Movant has failed his burden in at least two (2) respects. First, despite that he now alleges the existence of alibi witnesses, in considering their testimony, it is highly improbable that Movant would have had what he calls a 'viable defense.' That is, when considering the likelihood of bias, interest or prejudice for the Movant, the blood relatives and girl friend of Movant would not likely have favorably influenced the jury who heard this case. Secondly, it is purely speculative for Movant to assume that a different outcome would have resulted had a jury [heard] *what he now says are alibi witnesses.*" (Emphasis added.)

■ The trial court was not required to believe the testimony of movant or any other witness at the motion hearing, and that is true although the testimony of movant and his witnesses was unopposed. *Milligan v. State*, 772 S.W.2d 736, 738[1] (Mo. App.1989). *Milligan* was a proceeding under Rule 27.26, now repealed, the predecessor of Rule 29.15. The same principle applies to proceedings under Rule 29.15.

■ The testimony of Debbie Ebbinger at the motion hearing, with respect to movant's statement in the car while going to Arkansas, was definitely harmful to movant, and if she had testified at the jury trial the effect, from movant's standpoint, might have been adverse. There is, however, a more basic reason for rejecting movant's first point.

■ On this appeal movant was required to provide this court with "all of the record, proceedings and evidence" necessary to the review of the issues on appeal. Rule 81.-12(a); *Weekly v. State*, 759 S.W.2d 312, 313 (Mo.App.1988). In *Weekly* and in *Spencer v. State*, 615 S.W.2d 660 (Mo.App.1981), each a post-conviction proceeding where the conviction was based on a jury verdict, movant failed to file in the appellate court a transcript of the jury trial. In each of those cases the appellate court refused to review contentions based upon matters allegedly contained in the unfiled transcript.

The instant record fails to show the time of day it was when Haas was shot. Even if movant was at Cathy Cain's house between 6:30 a.m. and 7:00 a.m. on October 28, 1981, which of course the trial court was entitled to disbelieve, there is no showing in the instant record that this fact was inconsistent with movant's presence at the scene of the Haas shooting at whatever time it did occur. No person claiming to be a witness to the shooting testified at the motion hearing. There is no evidence of the distance between the place of the shooting and Cathy Cain's house. There is no evidence of what means of transportation, if any, were available or unavailable to movant on the morning of the shooting.

In short, the record does not substantiate movant's contention that Debbie Ebbinger and Cathy Cain were alibi witnesses. They merely testified on movant's whereabouts at a given time on the day of the shooting. Movant made no showing that even if their testimony was true he could not also have been present when Haas was shot. Indeed, the state's brief argues that movant made no showing that his personal presence was a necessary element of either of the offenses of which he stands convicted, but

the merits of that argument need not be considered. Movant's first point has no merit.

■ Movant's second point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because movant was denied effective assistance of counsel at the jury trial in that attorney Sterling "failed to object to certain evidence presented by the state at trial, including hearsay testimony by William Stoney that Michael Carney had offered $5,000 to have Harrel Sims killed, in that the above was not admissible ... and movant was prejudiced by the introduction of the above evidence because that evidence established the independent basis for the existence of a conspiracy and thus allowed further incriminating evidence of movant's participation in the conspiracy."

As stated earlier, movant has not furnished this court with any portion of the transcript of the jury trial. In *State v. Cornman*, supra, the supreme court referred to Morgan as a fellow conspirator of movant, and to Michael Carney as "another alleged conspirator." The supreme court said, at 445: "[A]bout a week before the shooting Morgan, with [movant] present, accepted Carney's offer of $5,000 to kill Red Sims 'to take over the Laborers Union.' At trial, the State's chief witness, William Stoney, testified that [movant] said nothing when the deal was struck."

If, arguendo, some of Stoney's testimony, whatever it was, would have been excluded by a timely hearsay objection posed by attorney Sterling, and if he was derelict in not making the objection, there is nothing in the instant record, deficient as it is, to support a finding of prejudice. What the transcript of the jury trial may disclose with regard to other evidence is not known to this court. It is possible that Stoney's testimony was merely cumulative, or that Stoney's credibility had been severely impeached, or that his testimony was insignificant compared to other portions of the state's case at the jury trial.

Movant, in violation of Rule 81.12(a), has failed to provide this court with "all the record, proceedings and evidence" neces-

sary to a determination of his second point. As stated in *Newman v. State*, 669 S.W.2d 617, 619[4] (Mo.App.1984), this court "will not entertain his unsupported contention[s] for, based upon the record in its present state, it is impossible for us to determine whether the trial court's findings were clearly erroneous." (Citing authorities.) Movant's second point has not been preserved for appellate review.

The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.