**Donald JOHNSON, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 16698.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 10, 1990.

J. Gregory Mermelstein, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Presiding Judge.

Donald Johnson (hereafter referred to as movant) pleaded guilty to having committed the offense of selling a controlled sub-

stance, cocaine. § 195.020.[1] He was sentenced to imprisonment for a term of ten years. § 195.200.1(4). Movant filed a motion for post-conviction relief pursuant to Rule 24.035. The trial court dismissed that motion without holding an evidentiary hearing. Written findings of fact and conclusions of law were filed. This court affirms.

■ Movant filed a Motion for Leave to Supplement the Record on Appeal. It was ordered taken with the case and will be considered before addressing the merits of the appeal. By that motion, movant seeks leave to file a "Supplemental Legal File." This consists of "records of [movant's] prior case before his sentencing judge." Movant has tendered for filing as a supplemental legal file certified copies of a docket sheet, a "Petition for Accounting," and a decree from a civil case in which a default judgment was entered against him as a defendant. The only relation movant asserts that the civil case has to the case now before this court, or to the underlying criminal case, is that the case is a "prior case before [movant's] sentencing judge."

Rule 81.12(a) states, in relevant part:

The legal file shall ... contain clearly reproduced exact copies of the pleadings and other portions of the trial record previously reduced to written form.

.  .  .  .  .

The legal file shall always include, in chronological order: the pleadings upon which the action was tried, the verdict, the findings of the court or jury, the judgment or order appealed from, motions and orders after judgment, and the notice of appeal, together with their respective dates of filing or entry of record; except the parties may agree in writing upon an abbreviated or partial record on appeal or upon a statement of the case as provided in Rule 81.13.

The materials movant seeks to use to supplement the legal file were not pleadings in this case. Since there was no evidentiary hearing held, the materials do not constitute "other portions of the trial

record previously reduced to written form." The materials do not include the verdict, findings, judgment or order appealed from, nor are they motions and orders after judgment or notices of appeal. The materials are not items which Rule 81.12(a) requires to be part of the record on appeal. Movant argues that *Newman v. State*, 669 S.W.2d 617, 619 (Mo.App.1984), affords the basis for his request to file the materials as a "supplemental legal file." Movant suggests "[t]hat appellant is required by Rule 81.12 to provide a record containing all records, proceedings, and evidence necessary for determination of the questions raised on this appeal." In so arguing, however, movant fails to note the distinction between the items omitted from the legal file in *Newman* and the materials which he seeks to file in this case as a "supplemental legal file." In *Newman*, which was a motion for post-conviction relief pursuant to prior Rule 27.26, a movant had been convicted of first degree murder following a trial by jury. By means of the 27.26 motion, Newman asserted a claim of ineffective assistance of trial counsel. The record which Newman did not include as part of the legal file in his 27.26 case was the transcript from the underlying criminal case that was not otherwise before the appellate court. That court, referring to those circumstances, stated:

We do not know if movant's criminal trial record was before the trial court hearing movant's postconviction motion but we are certain that no such record has been filed with this court upon this appeal. Newman, as movant and appellant, had the burden under Rule 81.12 of providing a record containing all of the record, proceedings and evidence necessary for the determination of all questions presented on appeal from denial of his Rule 27.26 motion. Upon movant's failure to fulfill the requirements of Rule 81.12, the court of appeals will not entertain his unsupported contentions for, based upon the record in its present state, it is impossible for us to determine

---

**1.** References to statutes are to RSMo 1986 un-  less otherwise stated.

whether the trial court's findings were clearly erroneous.

*Id.*

If the transcript from the criminal trial which resulted in Newman's conviction had been before the motion court, that transcript would have constituted "other portions of the trial record previously reduced to written form." As such, it would have been proper to have included the transcript in the legal file in the appeal of the 27.26 motion. Rule 81.12(a).

In this case, there was no evidentiary hearing. The portions of the record in the unrelated civil case that are sought to be filed as a "supplemental legal file" were not a part of a trial record in the 24.035 proceeding which movant now appeals. The Motion for Leave to Supplement the Record on Appeal is denied.

■ Movant presents two points directed to the merits of his appeal. He contends the trial court erred in denying his motion for post-conviction relief without having an evidentiary hearing. He asserts that he pleaded allegations of fact, not refuted by the record in the underlying criminal case, which, if proved, would warrant the relief sought by the 24.035 motion. For his second point, movant asserts that the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing because movant did not receive effective assistance of counsel in the post-conviction motion proceeding.

Movant asserts, in the 24.035 motion filed, that the judge who sentenced him in the underlying criminal case was biased and that the sentence imposed was excessive. He argues that the sentencing judge had previously entered a decree in a civil case, in which movant was a party, adverse to movant. The motion court also examined movant's written request for an evidentiary hearing. The motion court concluded that no grounds were stated in the 24.035 motion nor in movant's request for an evidentiary hearing which entitled movant to an evidentiary hearing.

A review of the record from the underlying criminal case, which is included in movant's legal file and which was before the motion court, reveals that movant pleaded guilty to the offense of selling cocaine in violation of § 195.020. The range of punishment for that offense was confinement for a term of not less than five years nor more than life imprisonment. § 195.200.1(4). The nature of the offense and its range of punishment were explained to movant by the judge at the guilty plea hearing. Movant told the judge that he understood the charge and that he understood the range of punishment. Movant was asked the following question by the sentencing judge and gave the following answer:

Q. You may then respond to this charge by entering a plea of guilty, a plea of not guilty, or you may stand silent. What do you wish to do?

A. I plead guilty.

After additional questioning, the sentencing judge stated "that the plea of guilty is found to be voluntarily entered and is accepted by the court." A presentence investigation report was ordered. After the presentence investigation report was received, and after movant was afforded an opportunity to review the report and to comment on the report, punishment was assessed at confinement for a term of ten years and sentence was imposed. Probation was denied.

■ Movant's motion alleged no facts purporting to show that the sentencing judge was biased against him. The 24.035 motion stated only that the judge had entered a decree in an earlier civil case, in which movant was a party, that was adverse to movant. That allegation did not state facts sufficient to establish prejudice. Mere adverse rulings and previous contacts in other litigated matters do not form the basis for claims of bias. *State v. Owens,* 759 S.W.2d 73, 75 (Mo.App.1988); *Molasky v. State,* 710 S.W.2d 875, 879 (Mo.App. 1986). The guilty plea proceedings in the underlying criminal case likewise failed to show any conduct by the sentencing judge that demonstrates bias. Further, the punishment imposed, a sentence of ten years' imprisonment, was substantially less than the maximum sentence that could have

been imposed for the offense of which movant stands convicted. The motion court's conclusion that "[t]he motion states no grounds for an evidentiary hearing" is not clearly erroneous. Rule 24.035(j).

Movant's second point also fails. He complains that the attorney who was appointed to represent him in the 24.035 proceeding before the motion court was ineffective. In *Sloan v. State*, 779 S.W.2d 580, 583 (Mo. banc 1989), the Missouri Supreme Court succinctly stated:

> This Court has long held a post-conviction proceeding cannot be used to challenge the effectiveness of counsel in the post-conviction proceeding, but is limited to the validity of movant's conviction and sentence. *Lingar v. State*, 766 S.W.2d 640, 641 (Mo. banc 1989).

The judgment of the motion court is affirmed.

FLANIGAN, C.J., and SHRUM, J., concur.