**Linzzie VAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 22434.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 19, 1999.

Tara L. Jensen, Asst. Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for Respondent.

**KERRY L. MONTGOMERY, Judge.**

Linzzie Van (Movant) pleaded guilty to robbery in the first degree. Section 569.020, RSMo 1994. He was sentenced to twenty years' imprisonment. Movant filed a *pro se* Rule 24.035 motion for postconviction relief which was later amended by appointed counsel. The motion court dismissed the motion without an evidentiary hearing after filing findings of fact and conclusions of law. We dismiss the appeal due to Movant's failure to comply with Rule 81.12(a).[1]

Movant's lone point relied on alleges the motion court erred in denying his Rule 24.035 motion without granting an evidentiary hearing because the record leaves the firm conviction that a mistake has been made, in that Movant pleaded facts which, if proven, would warrant relief and which are not refuted by the record. Specifically, Movant claims that he was denied his rights to due process of law and to the effective assistance of counsel because plea counsel (1) failed to fully explain the consequences of his plea; (2) failed to convey an earlier plea offer of ten years; (3) intimidated Movant; and (4) told Movant he could file a "Form 40" and "come back to court with a different attorney and have a better chance at a lesser sentence."

The motion court denied Movant's motion after reviewing "the court file and record in the underlying criminal case CR395–0011FX." The motion court's conclusions of law allude to a review of (1) the Petition to Plead Guilty signed by Movant, (2) the transcript of Movant's guilty plea, and (3) the transcript of testimony adduced at Movant's sentencing hearing. The motion court concluded that Movant's claims were "spurious" after reviewing the record above mentioned.

An evidentiary hearing is not required if the court determines that "the motion and the files and records of the case conclusively show that the movant is entitled to no relief." Rule 24.035(h). Our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k).

Movant has presented this Court with a record which does not contain (1) his signed Petition to Plead Guilty, (2) the transcript of his guilty plea, nor (3) the transcript of his sentencing hearing. These items are part of the "record" of his underlying criminal case and form the basis for the motion court's denial of his motion. Movant does not attempt to explain how this Court can determine whether the motion court's findings and conclusions are clearly erroneous in the absence of the record upon which the motion court relied.

On this appeal, Movant was required to provide this Court with "all of the record, proceedings and evidence" necessary to the review of the issues on appeal. Rule 81.12(a); *Weekly v. State*, 759 S.W.2d 312, 313 (Mo.App.1988). Movant violated this rule by failing to provide us with the record necessary to determine his point. As stated in *Newman v. State*, 669 S.W.2d 617, 619 (Mo.App.1984), this Court "will not entertain his unsupported contentions for, based upon the record in its present state, it is impossible for us to determine whether the trial court's findings were clearly erroneous." (Citations omitted.)

In *Cornman v. State*, 779 S.W.2d 17 (Mo.App.1989), a Rule 29.15 proceeding, this Court determined that Movant's second point had not been preserved for appellate review because Movant violated Rule 81.12(a) in failing to furnish this Court with a transcript of his jury trial. *Id.* at 20–21.[2] In reaching this result, we relied on *Weekly* and *Spencer v. State*, 615 S.W.2d 660 (Mo.App.1981). These cases

---

1. Rule references are to Missouri Court Rules (1999) unless otherwise indicated.

2. Movant's second point alleged he was denied effective assistance of counsel at the jury trial in that his attorney failed to object to certain hearsay testimony presented by the State.

were postconviction proceedings where the conviction was based on a jury verdict and movant had failed to file a transcript of the jury trial in the appellate court. In both cases, the appellate court declined to review contentions based upon matters allegedly contained in the unfiled transcripts. *Weekly*, 759 S.W.2d at 313; *Spencer*, 615 S.W.2d at 662.

A similar situation exists in this case. The motion court determined that Movant's plea counsel was not ineffective based upon matters contained in Movant's Petition to Plead Guilty and the transcript of his plea and sentencing hearing. Movant has failed to file that record with this Court. We cannot determine whether the motion court's findings were clearly erroneous without that record. Therefore, Movant's point has not been preserved for our review.

The appeal is dismissed.

SHRUM, P.J., and GARRISON, C.J., concur.