**STATE of Missouri, Plaintiff–Appellant,**

v.

**Randy D. LORD, Defendant–Respondent.**

**No. 23884.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 4, 2001.

Darrell L. Moore, Prosecuting Attorney, Dale P. Trigg, Assistant Prosecuting Attorney, Attorneys, Springfield, for Appellant.

Louis J. Nolan, Springfield, for Respondent.

GARRISON, Judge.

Randy D. Lord ("Defendant") was charged with one count of possession of a controlled substance with the intent to distribute in violation of Section 195.211 [1] and three counts of possession of a controlled substance in violation of Section 195.202. Defendant filed a motion to suppress evidence, which was sustained. The State appeals from that ruling.

On February 1, 1999, Missouri State Highway Patrol Trooper J.G. Boix ("Trooper Boix") was on patrol when he observed a gray Dodge that met the general description of a vehicle that had been pursued about an hour earlier by the Greene County Sheriff's Department. Trooper Boix noticed that the vehicle did not have a front license plate, and observed that neither Defendant, who was the driver of the vehicle, nor his passenger, James Jones ("Jones"), was wearing a seatbelt. Trooper Boix stopped the vehicle.

Trooper Boix asked for identification from Defendant and Jones. Defendant handed Trooper Boix his driver's license and proof of insurance, but Jones did not produce any identification. Trooper Boix ran a check on both Defendant and Jones. Jones had an active warrant for his arrest, and was taken into custody. Trooper Boix's suspicions were heightened because of the fact that Jones had an outstanding warrant and because of the possibility that Defendant's vehicle was the one involved in the earlier pursuit. Trooper Boix there-

fore asked Defendant, who was still in the vehicle, for consent to search the vehicle. Trooper Boix also asked Defendant if he was carrying anything illegal. Defendant denied being in possession of anything illegal and gave Trooper Boix permission to search. When Defendant got out of the vehicle, Trooper Boix asked for consent to search his person, to which Defendant responded, "Go ahead." Trooper Boix noticed a plastic baggie sticking out of Defendant's shirt pocket and could see in plain sight what appeared to him, based on his training and experience, to be mushroom stems. At that point, Defendant was taken into custody and Trooper Boix continued to search his person, locating various additional items of contraband.

In Defendant's possession were various substances and paraphernalia, including fifty plastic baggies, aluminum foil, six plastic baggies containing a white powdery substance, a yellow tablet, fifty orange tablets, one-half of a blue tablet, three-quarters of a white tablet, and two snorting tubes. In the trunk of Defendant's vehicle, Trooper Boix also found five butterfly knives containing a white powdery substance and a cutting tray. It is the granting of Defendant's motion to suppress these items that is the subject of this appeal.

▪ The State has the burden of showing by a preponderance of the evidence that a motion to suppress should be denied. Section 542.296 .6; *State v. Wells,* 33 S.W.3d 202, 205 (Mo.App. S.D.2000). Appellate review of a motion to suppress is limited to determining whether sufficient evidence exists to sustain the trial court's holding. *State v. Wise,* 879 S.W.2d 494, 503 (Mo. banc 1994). If the trial court's

1. All statutory references are to RSMo 2000, unless otherwise indicated.

ruling is plausible in light of the record viewed in its entirety, the appellate court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *State v. Milliorn,* 794 S.W.2d 181, 184 (Mo. banc 1990). We defer to the trial court's evaluation of the credibility of the witnesses and the weight of the evidence. *State v. Villa–Perez,* 835 S.W.2d 897, 902 (Mo. banc 1992).

In its first point on appeal, the State argues that the trial court erred in sustaining Defendant's motion to suppress because the evidence was sufficient to prove that Defendant's rights against unreasonable search and seizure were not violated in that Trooper Boix was justified in initiating the traffic stop for failure to display a front license plate in violation of Section 301.130. In response, Defendant states that he does not challenge the legality of the initial traffic stop. Therefore, this point need not be considered.

■ In its second point, the State contends that the trial court erred in sustaining Defendant's motion to suppress because the evidence was sufficient to prove that Defendant's rights against unreasonable search and seizure were not violated in that Trooper Boix was justified in requesting Defendant's consent to search his person and his vehicle.

In response, Defendant argues that although the initial traffic stop was legal, his detention went beyond the requirements of a normal traffic stop and therefore was an unlawful seizure. Defendant contends that the traffic stop "should have been completed after the arrest of [Jones] was complete and citations issued to [Defendant] and his documents returned. However, [Trooper Boix] never returned [Defendant's] license, and at the time did not issue any citations, but instead proceeded to approach [Defendant] who was still seated in his vehicle and request permission to search his person and vehicle."[2] Defendant argues that his consent to search was not freely given as he did not feel free to leave, and that Trooper Boix "did not have a reasonable suspicion based upon specific articuable [sic] facts that further criminal activity had occurred which would have warranted further investigation."

■ The court in *State v. Riddle,* 843 S.W.2d 385, 387 (Mo.App. E.D.1992), addressed the question of what constitutes a normal traffic stop, stating:

> During a routine traffic stop, an officer may "request a driver's license and vehicle registration, run a computer check, and issue a citation. When the driver has produced a valid license and proof that he is entitled to operate the car, he must be allowed to proceed on his way, without being subject to further delay by police for additional questioning."

(quoting *United States v. Guzman,* 864 F.2d 1512, 1519 (10th Cir.1988)). However, the lawful character of a detention, and therefore seizure, may be extended if a new factual predicate for reasonable suspicion is found during the period of lawful seizure. *State v. Bunts,* 867 S.W.2d 277, 280 (Mo.App. S.D.1993). Further, law enforcement officials may, at any time, ask a citizen if he has contraband on his person or in his car and may ask for permission to search. *Id.* at 281. If consent is given without coercion, the subsequent search is not prohibited by the Fourth and Fourteenth Amendments. *Id. See also State v. Petrone,* 836 S.W.2d 484, 488–89 (Mo.App. S.D.1992). This is true even if the search

---

2. Defendant argues that his driver's license was not returned prior to his giving Trooper Boix permission to search. However, the record does not support the accuracy of that contention.

is not otherwise supported by probable cause or a reasonable suspicion of criminal activity. *State v. Leavitt*, 993 S.W.2d 557, 563 (Mo.App. W.D.1999); *State v. Scott*, 926 S.W.2d 864, 867 (Mo.App. S.D.1996).

■ If consent is relied on as the basis for the search, the State has the burden to prove that it was freely and voluntarily given. *Petrone*, 836 S.W.2d at 488. "Whether a consent was voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of the circumstances." *Id.* Retention of a driver's license by a law enforcement official does not necessarily constitute coercion that will invalidate consent to search. *State v. Hyland*, 840 S.W.2d 219, 221–22 (Mo. banc 1992); *Bunts*, 867 S.W.2d at 281.

In the instant case, Trooper Boix described a benign, non-coercive exchange during which Defendant readily volunteered information and consented to Trooper Boix's requests. Trooper Boix testified that he approached Defendant's vehicle and asked for identification. Defendant handed Trooper Boix his license. Trooper Boix ran a check on both Defendant and Jones and discovered an active warrant on Jones. Trooper Boix testified that he could not recall exactly how long this process took, but stated that typically an identification check takes anywhere from a "couple of seconds" to a "few minutes." After arresting Jones, Trooper Boix asked for permission to search both Defendant and his vehicle. Defendant consented to a search and exited the vehicle. Trooper Boix asked for Defendant's consent to search his person, to which Defendant replied, "Go ahead." At that point, Trooper Boix noticed a plastic baggie sticking out of Defendant's shirt pocket and could see in plain sight what appeared to him to be mushrooms stems. Defen-

dant was then taken into custody and Trooper Boix continued the search finding various items of contraband.

There is no evidence in the record as to whether Defendant's driver's license was returned to him; however, even if Defendant's license was being retained by Trooper Boix when Defendant gave him permission to search, there is no evidence of coercion that would invalidate the search. *See Hyland*, 840 S.W.2d at 221–22; *Bunts*, 867 S.W.2d at 281. The record is devoid of any evidence of coercion, any threatening tone or show of force. The record is also barren of any indication that Defendant requested or Trooper Boix denied permission for Defendant to leave. Neither is there any evidence that Defendant asked for, and Trooper Boix denied, the return of his driver's license. Therefore, given the totality of the circumstances, Defendant's consent to search was voluntary.

Because we find that the State met its burden in showing that Defendant's consent to search was voluntary, we need not consider whether Trooper Boix had reasonable suspicion to search. *See Scott*, 926 S.W.2d at 868.

The trial court erred in sustaining Defendant's motion to suppress evidence. The order of the trial court sustaining Defendant's motion to suppress is overruled, and the case is remanded for further proceedings not inconsistent with this opinion.

PREWITT, J., dissents in separate opinion.

BARNEY, C.J., concurs.

PREWITT, Judge, dissenting.

I respectfully dissent. I would deny Appellant's contentions because Respondent's motion to suppress was not included in the record, which I view as a violation of

Rule 81.12(a). It was Appellant's duty to provide this Court with the necessary record to review the issues on appeal. *See Van v. State,* 990 S.W.2d 683, 684 (Mo.App. 1999). I do agree that at least the gist of the motion to suppress can be determined from the transcript of the hearing on that motion.

At that hearing, only Trooper Boix testified. The trial judge, as the trier-of-fact, could believe all or none of his testimony, and could have determined that the State did not meet its burden of proof by a preponderance of the evidence to show that the motion to suppress should be denied. Also, as the majority noted, whether a consent is voluntary is a question of fact to be determined from the totality of the circumstances. The trial judge may well have found that based upon those circumstances the consent was the product of duress or coercion and was not voluntary.

The trial judge could also have found that, as stated in *State v. Riddle,* 843 S.W.2d 385, 387 (Mo.App.1992), there was no reasonable basis for the continuing detention of Respondent during which time the consent was requested.

For these reasons, I respectfully dissent.